# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Indiana Insurance Co. v. Powerscreen of Chicago, Ltd.**, 2012 IL App (1st) 103667

---

| | |
|---|---|
| Appellate Court Caption | INDIANA INSURANCE COMPANY, Plaintiff-Appellant, v. POWERSCREEN OF CHICAGO, LTD., Defendant-Appellee, (Terrell Materials Corporation, John Kohn and Colleen Kohn, Defendants).–POWERSCREEN OF CHICAGO, LTD., Counterplaintiff-Appellee, v. INDIANA INSURANCE COMPANY, Counterdefendant-Appellant.–HARTFORD FIRE INSURANCE COMPANY, Intervenor Plaintiff-Appellee and Cross-Appellant, v. INDIANA INSURANCE COMPANY, Intervenor Defendant-Appellant and Cross-Appellee. |
| District & No. | First District, Second Division<br>Docket Nos. 1-10-3667, 1-11-1681, 1-11-1846 cons. |
| Filed | June 29, 2012 |
| Rehearing denied | August 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an insurance dispute arising from a construction accident involving rented equipment, the rental company was an additional insured under the policy of the contractor renting the equipment and the rental company's insurer was entitled to reimbursement for the sums it paid defending the rental company in the underlying personal injury action, since the liability at issue in the underlying action arose out of the "ongoing operations performed" for the rental company by the contractor for purposes of the provision of the rental agreement requiring the contractor to name the rental company as an additional insured under its policy. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-40309; the Hon. Michael B. Hyman, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed and remanded with directions. |
| Counsel on Appeal | Hinshaw & Culbertson LLP, of Chicago (Thomas M. Hamilton, Jr., Christine Olson McTigue, and Kent J. Cummings, of counsel), for appellant. |
| | Tressler LLP, of Chicago (Michael J. Duffy and Matthew J. Devereux, of counsel), for appellees. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion. |
| | Presiding Justice Quinn and Justice Connors concurred in the judgment and opinion. |

## OPINION

¶ 1    This consolidated appeal arises from the November 8, 2010 order entered by the circuit court of Cook County, which denied a motion for summary judgment in a declaratory judgment action against the plaintiff-appellant, Indiana Insurance Company (Indiana Insurance), but granted a cross-motion for summary judgment in favor of the counterplaintiff-appellee, Powerscreen of Chicago, Ltd. (Powerscreen), and the intervenor plaintiff-appellee, Hartford Fire Insurance Company (Hartford). This appeal also arises from the circuit court's January 26, 2011 order denying Hartford's motion for entry of monetary judgment against Indiana Insurance, and the May 24, 2011 order denying Hartford's motion to reconsider the January 26, 2011 ruling. On cross-appeal, (1) Indiana Insurance argues that the circuit court erred in granting summary judgment in favor of Powerscreen and Hartford; and (2) Powerscreen and Hartford argue that the circuit court properly granted summary judgment in their favor but that Hartford is entitled to reimbursement from Indiana Insurance. For the following reasons, we affirm the November 8, 2010 judgment of the circuit court of Cook County granting summary judgment in favor of Powerscreen and Hartford, but remand the matter to the circuit court solely for the determination of the amount of reimbursement that Indiana Insurance owed Hartford.

¶ 2                      BACKGROUND

¶ 3    In February 2008, Powerscreen, which was in the business of owning, leasing and repairing construction equipment, entered into a rental agreement whereby Powerscreen

agreed to lease a concrete crusher to Terrell Materials Corporation (Terrell Materials). Pursuant to the terms of the rental agreement, Terrell Materials was required to, at its own costs, "operate and maintain the equipment with factory authorized parts and to make any repairs which may become necessary," and "to return the equipment to [Powerscreen] in the same condition as received." Further, the rental agreement specified that Terrell Materials agreed to name Powerscreen as an additional insured on its liability coverage policy.

¶ 4      On July 16, 2008, John Kohn (John), an employee of Noel Ramos Construction Company (Noel Construction), was allegedly injured in the process of moving the concrete crusher from an Interstate 294 road construction site near the Willow Road overpass area to the Lake Cook Road overpass in Cook County, Illinois. Subsequently, John and his wife, Colleen Kohn (Colleen), filed a personal injury lawsuit against, *inter alia*, Terrell Materials and Powerscreen. See Kohn v. Terrell Materials Corp., No. 08 L 007928 (Cir. Ct. Cook Co.) (the underlying lawsuit).

¶ 5      At the time of John's injury, Terrell Materials was insured by a commercial general liability insurance policy issued by Indiana Insurance. The Indiana Insurance policy contained the following pertinent provisions:

> "I. ADDITIONAL INSUREDS–BY CONTRACT, AGREEMENT OR PERMIT
>
> 1. Paragraph 2 under SECTION II WHO IS AN INSURED is amended to include as an insured any person or organization when you and such person or organization have agreed in writing in a contract, agreement or permit that such person or organization be added as an additional insured on your policy to provide insurance such as is afforded under this Coverage Part. Such person or organization is an additional insured only with respect to liability arising out of:
>
> > a. Your ongoing operations performed for that person or organization; ***
>
> With respect to provision 1.a. above, a person's or organization's status as an insured under this endorsement ends when your operations for that person or organization are completed."

Powerscreen was insured by a separate commercial general liability policy issued by Hartford.

¶ 6      On December 29, 2008, Hartford, on behalf of Powerscreen as its insurer, formally tendered defense and indemnification of the underlying lawsuit to Indiana Insurance, stating that Powerscreen was an "additional insured" under the Indiana Insurance policy and requesting that Hartford be reimbursed for all costs it had incurred in defending Powerscreen in the underlying lawsuit.

¶ 7      On October 20, 2009, Indiana Insurance denied the tender by stating that it owed no duty to defend or indemnify Powerscreen against the claims asserted in the underlying lawsuit. On that same day, October 20, 2009, Indiana Insurance filed a complaint for declaratory judgment against Powerscreen, Terrell Materials, John and Colleen which requested the court to determine the rights and liabilities of the parties with respect to the Indiana Insurance

policy; to declare that Powerscreen was neither a named insured nor an additional insured under the terms of the Indiana Insurance policy; and to declare that Indiana Insurance had no obligation to defend or indemnify Powerscreen in the underlying lawsuit.

¶ 8   On January 28, 2010, the circuit court granted Hartford leave to intervene in the instant cause of action and granted leave to Hartford and Powerscreen to file a countercomplaint against Indiana Insurance for declaratory judgment. On February 2, 2010, Hartford and Powerscreen filed a "countercomplaint and intervenor complaint for declaratory judgment" against Indiana Insurance, requesting that the court enter a judgment finding that Indiana Insurance owed a duty to defend and indemnify Powerscreen in the underlying lawsuit, and that Indiana Insurance must repay Hartford for all defense and indemnity sums paid for Powerscreen in the underlying lawsuit.

¶ 9   On April 9, 2010, Indiana Insurance filed a motion for summary judgment, arguing that it had no obligation to defend or indemnify Powerscreen in the underlying lawsuit and that it owed no duties or obligations to Hartford with respect to the underlying lawsuit. Subsequently, Powerscreen and Hartford filed a cross-motion for summary judgment, asserting that Indiana Insurance had the sole and primary obligation to defend and indemnify Powerscreen in the underlying lawsuit.

¶ 10   On about May 3, 2010, the underlying lawsuit was settled.

¶ 11   On November 8, 2010, the circuit court denied Indiana Insurance's motion for summary judgment, granted Powerscreen and Hartford's cross-motion for summary judgment, and stated that "Indiana must reimburse Hartford the sums it paid to defend Powerscreen in the [underlying] suit, with costs."

¶ 12   On December 6, 2010, Hartford filed a motion for entry of monetary judgment (motion for monetary judgment), requesting that judgment be entered in its favor and against Indiana Insurance in the amount of $254,621.83 for defense costs expended by Hartford on behalf of Powerscreen in the underlying lawsuit.

¶ 13   On December 7, 2010, Indiana Insurance filed a first notice of appeal (No. 1-10-3667), which appealed the circuit court's November 8, 2010 order denying its motion for summary judgment and granting Powerscreen and Hartford's cross-motion for summary judgment.

¶ 14   On January 4, 2011, Indiana Insurance filed a response to Hartford's motion for monetary judgment, asserting that Hartford's motion was not properly supported by documentation and, thus, should be denied.

¶ 15   On January 26, 2011, the circuit court denied Hartford's motion for monetary judgment without prejudice. On February 24, 2011, Hartford filed a motion to reconsider the circuit court's January 26, 2011 ruling. On May 24, 2011, the circuit court denied the motion to reconsider, stating that pursuant to Illinois Supreme Court Rule 303(a)(2) (eff. May 30, 2008), Indiana Insurance's December 7, 2010 notice of appeal became effective when the court denied Hartford's motion for monetary judgment on January 26, 2011, at which time the court was divested of its jurisdiction over the matter.

¶ 16    On June 10, 2011, Indiana Insurance filed a second notice of appeal before this court, which appealed the circuit court's November 8, 2010 order (No. 1-11-1681). On June 22, 2011, Powerscreen and Hartford filed a notice of cross-appeal, which appealed the circuit court's January 26, 2011 order denying Hartford's motion for monetary judgment (No. 1-11-1846).

¶ 17                                    ANALYSIS

¶ 18    The relevant inquiry before us on appeal is whether the circuit court erred in granting summary judgment in favor of Powerscreen and Hartford, by finding that Powerscreen was an additional insured under Indiana Insurance's policy and that Indiana Insurance must reimburse Hartford for the sums it paid to defend Powerscreen in the underlying lawsuit.

¶ 19    Indiana Insurance argues that Powerscreen was not an additional insured under the Indiana Insurance policy issued to Terrell Materials because Terrell Materials was not performing an "ongoing operation" for Powerscreen at the time of John's injury, nor did Terrell Materials' obligations under the rental agreement constitute "ongoing operations" conducted for Powerscreen.

¶ 20    Powerscreen and Hartford contend that Indiana Insurance had the sole and primary obligation to defend Powerscreen because Powerscreen was an additional insured under Indiana Insurance's policy as a result of the ongoing operations performed by Terrell Materials under the terms of the rental agreement. Further, they argue that Indiana Insurance, by paying sums on behalf of Powerscreen in its settlement of the underlying lawsuit, in effect, had admitted to defend and indemnify Powerscreen.

¶ 21    As a preliminary matter, we must determine whether this court has jurisdiction over the parties' cross-appeals. See *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 542, 949 N.E.2d 723, 727 (2011) (a reviewing court has an independent duty to consider whether it has jurisdiction over an appeal). While Powerscreen and Hartford do not challenge this court's jurisdiction over Indiana Insurance's appeal of the circuit court's November 8, 2010 order granting summary judgment in their favor, Indiana Insurance asserts that this court is without jurisdiction to review the circuit court's January 26, 2011 order denying Hartford's motion for monetary judgment and its May 24, 2011 order denying Hartford's motion to reconsider the January 26, 2011 ruling.

¶ 22    Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) provides for appeal as of right from final judgments. *In re Marriage of Link*, 362 Ill. App. 3d 191, 192, 839 N.E.2d 678, 680 (2005). A final judgment is one that " 'fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment.' " (Internal quotation marks omitted.) *Id.* (quoting *In re M.M.*, 337 Ill. App. 3d 764, 771, 786 N.E.2d 654, 659-60 (2003)). In the present case, the circuit court's November 8, 2010 order granting summary judgment in favor of Powerscreen and Hartford, which determined that Powerscreen was an additional insured under Indiana Insurance's policy and that Indiana Insurance must

-5-

reimburse Hartford for the sums it paid to defend Powerscreen in the underlying lawsuit, was a final and appealable order which fixed absolutely and finally the rights of the parties in the declaratory judgment actions. See *Pritza v. Village of Lansing*, 405 Ill. App. 3d 634, 639, 940 N.E.2d 1164, 1169 (2010) ("it is well established that a declaratory judgment has the force of a final judgment with respect to the rights of the parties subject to that judgment"); see *Bank of America, N.A. v. Carpenter*, 401 Ill. App. 3d 788, 795, 929 N.E.2d 570, 577-78 (2010) (where opposing parties have filed cross-motions for summary judgment, the circuit court's order denying one but granting the other motion for summary judgment is a final and appealable order). On December 7, 2010, within 30 days of the entry of the November 8, 2010 judgment, Indiana Insurance filed a timely notice of appeal pursuant to the mandates of Illinois Supreme Court Rule 303(a)(1) (eff. May 30, 2008). We find that while our inquiry regarding this court's jurisdiction over the appeal from the circuit court's November 8, 2010 order would normally cease at this juncture in our analysis, the unique set of procedural facts in this case compels us to further determine whether we have jurisdiction over the denial of Hartford's subsequent motion for monetary judgment and what effect, if any, it had on the finality and appealability of the November 8, 2010 order.

¶ 23    Section 2-701(a) of the Code of Civil Procedure (the Code) provides that a declaration of rights has the force of a final judgment whether or not any consequential relief is or could be claimed. 735 ILCS 5/2-701(a) (West 2010). Section 2-701(c) of the Code further provides that "[i]f further relief based upon a declaration of right becomes necessary or proper after the declaration has been made, application may be made by petition to any court having jurisdiction for an order directed to any party or parties whose rights have been determined by the declaration to show cause why the further relief should not be granted forthwith." 735 ILCS 5/2-701(c) (West 2010). When read together, these provisions indicate that consequential or incidental relief which is "based on the rights previously determined in the initial declaration, may be claimed and obtained following the entry of a final and appealable declaratory [judgment]." *Universal Underwriters Insurance Co. v. Judges & James, Ltd.*, 372 Ill. App. 3d 372, 381, 865 N.E.2d 531, 541 (2007). "However, a motion requesting such relief is not a posttrial motion within the meaning of Rule 303(a)(1) because it is not directed against the original judgment, but is incidental to that judgment." *Id.* Thus, although section 2-701 allows a circuit court to retain jurisdiction to entertain a request for further relief after the initial declaration without any time limitation, such retention of jurisdiction neither delays nor postpones the finality of issues originally decided so as to render the original decision nonfinal and nonappealable. *Id.*

¶ 24    We find that Hartford's motion for monetary judgment was not a motion directed against the November 8, 2010 judgment so as to constitute a postjudgment motion under Rule 303(a), nor was it a motion for modification or vacatur of the judgment pursuant to section 2-1203 of the Code. See Ill. S. Ct. R. 303(a) (eff. May 30, 2008); 735 ILCS 5/2-1203 (West 2010). Rather, the motion for monetary judgment was in effect a motion filed to enforce the November 8, 2010 ruling declaring that Indiana Insurance must reimburse Hartford for the amount it paid to defend Powerscreen in the underlying lawsuit. As a result, we find that Hartford's motion for monetary judgment was incidental or collateral to the principal

declaratory judgment actions and did not affect the finality or appealability of the November 8, 2010 judgment. See *Hartford Fire Insurance Co. v. Whitehall Convalescent & Nursing Home, Inc.*, 321 Ill. App. 3d 879, 885-87, 748 N.E.2d 674, 679-81 (2001) (motion for reimbursement of defense costs filed after the circuit court's ruling on the declaratory judgment action was not made part of the principal action and thus did not affect the finality or appealability of the principal action); accord *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 452, 736 N.E.2d 179, 186-87 (2000) (finding that a motion to tax deposition costs filed after the circuit court's declaratory judgment order did not directly challenge the declaratory judgment, had no bearing on the effect of the declaratory judgment, and did not deprive the circuit court of jurisdiction to hear the motion to tax deposition costs). We further find that the circuit court in the instant case erred in "denying" the motion to reconsider its decision to deny Hartford's motion for monetary judgment on the basis that it lacked jurisdiction pursuant to Rule 303(a)(2), where, as discussed, Hartford's motion for monetary judgment neither delayed nor postponed the finality of the issues decided in the November 8, 2010 order, but allowed the circuit court to retain jurisdiction to make rulings upon the incidental or collateral relief requested in the motion for monetary judgment and the subsequent motion to reconsider. Nonetheless, despite the circuit court's error, we find that Powerscreen and Hartford's timely filed June 22, 2011 notice of cross-appeal properly conferred jurisdiction upon this court over the issue of Hartford's motion for monetary judgment. Accordingly, we have proper jurisdiction over all matters of this consolidated appeal.

¶ 25       Turning to the merits of the case, we determine whether the circuit court erred in granting summary judgment in favor of Powerscreen and Hartford, when it ruled that Powerscreen was an additional insured under Indiana Insurance's policy and that Indiana Insurance must reimburse Hartford for the sums it paid to defend Powerscreen in the underlying lawsuit.

¶ 26       Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010). "The interpretation of an insurance policy and the coverage provided are questions of law that are appropriate for resolution through summary judgment." *American Service Insurance Co. v. Jones*, 401 Ill. App. 3d 514, 520, 927 N.E.2d 840, 845-46 (2010). We review the circuit court's summary judgment ruling under a *de novo* standard of review. *Id.*, 927 N.E.2d at 845. We also review the construction of the provisions of the Indiana Insurance policy *de novo*. See *Pekin Insurance Co. v. Wilson*, 391 Ill. App. 3d 505, 509, 909 N.E.2d 379, 385 (2009).

¶ 27       An insurer's duty to defend is much broader than its duty to indemnify its insured. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 393, 620 N.E.2d 1073, 1079 (1993). The primary function of the court when construing an insurance policy is to ascertain and enforce the intentions of the parties as expressed in the agreement. *Id.* at 391, 620 N.E.2d at 1078. In determining whether an insurer has a duty to defend, a reviewing court must compare the allegations of the underlying complaint to the relevant terms of the insurance policy at issue. *Clarendon America Insurance Co. v. B.G.K. Security Services, Inc.*,

387 Ill. App. 3d 697, 702-03, 900 N.E.2d 385, 391 (2008). If the underlying complaint alleges facts within or potentially within the policy's coverage, the insurer's duty to defend arises even if the allegations are groundless, false or fraudulent. *Id.*, 900 N.E.2d at 391-92. Further, an insurer's duty to defend arises even when only one of several theories of recovery alleged in the underlying complaint is within the potential coverage of the policy. *Id.*, 900 N.E.2d at 392. Courts should liberally construe insurance policies in favor of coverage, and where an ambiguity exists in the insurance contract, it should be resolved in favor of the insured and against the insurer. *Id.*

¶ 28    In the present case, the relevant terms of the Indiana Insurance policy define an "additional insured" as any person or organization which the named insured of the policy has agreed in writing to be added as an additional insured, and as any person or organization whose liability arose out of the named insured's "ongoing operations performed for that person or organization." The Indiana Insurance policy further states that a person or organization's status as an additional insured ends at the completion of the named insured's operations for the person or organization. It is undisputed and, thus, no genuine issue of material fact exists, that Terrell Materials was a named insured on the Indiana Insurance policy and that it agreed in writing, pursuant to the rental agreement, to name Powerscreen as an additional insured on the Indiana Insurance policy. It is also undisputed that the rental agreement was in effect at the time of John's injury. Thus, our relevant inquiry centers on whether the liability at issue arose out of Terrell Materials' "ongoing operations performed" for Powerscreen.

¶ 29    The allegations of the underlying complaint alleged that Terrell Materials had been retained to perform reconstruction work of Interstate-294 near the Willow Road overpass prior to July 16, 2008; that it had leased the concrete crusher at issue from Powerscreen; that the concrete crusher had "wings" on each side of the equipment which could be raised hydraulically; that the end hydraulic wing was not functional prior to the date of John's injury; that Terrell Materials had damaged the hydraulics of the concrete crusher; that Terrell Materials had put a pin in place to keep the end hydraulic wing in an upright position; that Terrell Materials had a duty to exercise reasonable care to "keep, maintain, and operate the subject concrete crusher" but that it had failed to fix the hydraulics; that general contractor Walsh Construction Company (Walsh Construction) retained the services of Noel Construction to move the concrete crusher from one location to another; that John, as an employee of Noel Construction, was required to relocate the concrete crusher so that Terrell Materials could continue using it; and that John was severely injured when the hydraulic wings collapsed on him. The underlying complaint further alleged that Powerscreen offered repair services for its leased equipment; that Powerscreen had become aware prior to the accident that the end hydraulic wing of the concrete crusher was not functional; that Powerscreen nonetheless advised Terrell Materials employees that it was safe to operate the concrete crusher as long as a pin was put into place; and that Powerscreen failed to repair the concrete crusher or take the equipment out of service.

¶ 30    Illinois courts have held that the phrase "arising out of" is " 'both broad and vague, and must be liberally construed in favor of the insured; accordingly, "but for" causation, not

necessarily proximate causation, satisfies this language.' " *American Economy Insurance Co. v. Holabird & Root*, 382 Ill. App. 3d 1017, 1023, 886 N.E.2d 1166, 1172 (2008) (quoting *Maryland Casualty Co. v. Chicago & North Western Transportation Co.*, 126 Ill. App. 3d 150, 154, 466 N.E.2d 1091, 1094 (1984)). "Arising out of" has also been interpreted by courts to mean "originating from," "having its origin in," "growing out [of]" and "flowing from." (Internal quotation marks omitted.) *Holabird & Root*, 382 Ill. App. 3d at 1023, 886 N.E.2d at 1172. Therefore, we must determine whether liability at issue incurred "but for" the ongoing operations performed for Powerscreen by Terrell Materials.

¶ 31    Indiana Insurance argues that Terrell Materials was not performing any "ongoing operations" for Powerscreen at the time of John's injury because Terrell Materials had merely leased the concrete crusher from Powerscreen and was not performing any practical work on Powerscreen's behalf. Further, they argue, Terrell Materials was only performing construction work as a subcontractor of Walsh Construction, and that Walsh Construction made the decision to hire Noel Construction to move the concrete crusher. Indiana Insurance further contends that Terrell Materials' obligations to repair and maintain the concrete crusher under the rental agreement did not constitute "ongoing operations" performed for Powerscreen.

¶ 32    Powerscreen and Hartford counter that but for Terrell Materials' use, maintenance and failure to repair the concrete crusher under the rental agreement, John's injury would not have occurred. They further contend that John's alleged injuries at least potentially arose out of Terrell Materials' ongoing operations for Powerscreen because it had a duty to repair and maintain the concrete crusher under the rental agreement, and cite *Cincinnati Insurance Co. v. Dawes Rigging & Crane Rental, Inc.*, 321 F. Supp. 2d 975 (C.D. Ill. 2004), for support. We find Powerscreen and Hartford's argument persuasive. *Cincinnati Insurance Co.*, a case with facts similar to the case at bar, is particularly persuasive in analyzing this issue.

¶ 33    In *Cincinnati Insurance Co.*, Dawes Rigging and Crane Rental (Dawes) leased a crane to Kelly Construction (Kelly) for use at a manufacturing plant. *Id.* at 978. Subsequently, a Dawes mechanic determined that the crane needed a new hydraulic holding valve that supported the boom of the crane. *Id.* The underlying complaint of the injured Kelly employee, Steve Toedt (Steve), alleged that he was required to and was assisting in the maintenance of the crane under the supervision of Dawes employees when the boom fell on him and he sustained permanent injuries. *Id.* Under the equipment lease agreement, Kelly, as the lessee, was required to name lessor Dawes as an additional insured under Kelly's insurance policy with its insurer, Cincinnati Insurance Company (CIC). *Id.* The insurance policy specified that an "additional insured" was a person or organization " 'shown in the [s]chedule but only with respect to liability arising out of [Kelly's] ongoing operations performed for that insured.' " *Id.* at 979. Dawes then tendered its defense of the underlying lawsuit to CIC, claiming that it was an additional insured on Kelly's general liability insurance policy. *Id.* CIC denied tender of the defense and filed a declaratory judgment action against Dawes, and the parties filed cross-motions for summary judgment. *Id.* In granting summary judgment in favor of Dawes, the court found that Kelly's requirement to assist Dawes in repair and maintenance work satisfied the "ongoing operations" language under

-9-

the policy's terms. *Id.* at 982. Further, the court liberally construed the phrase "arising out of" as contained in the policy and relied on the plain language of the allegations in the underlying complaint. The court found that its analysis resolved all doubts in favor of Dawes and found that the underlying complaint's factual allegations fell within the parameters of the policy's coverage. *Id.*

¶ 34 Using the analytical tenets of *Cincinnati Insurance Co.* in comparing the allegations in the underlying complaint at issue in this case with the relevant terms of the Indiana Insurance policy, we hold that Powerscreen is an additional insured under the policy. As an additional insured, Indiana Insurance has a duty to defend. The allegations of the underlying complaint specified that Terrell Materials had a duty to exercise reasonable care to "keep, maintain, and operate the subject concrete crusher," that it had damaged the hydraulics of the equipment, that it had failed to repair the hydraulics of the concrete crusher, and that John sustained severe injuries when the hydraulic wings of the concrete crusher collapsed on him. Under the terms of the rental agreement, Terrell Materials was required, at its own costs, to "operate and maintain the equipment with factory authorized parts and to make any repairs which may become necessary." This requirement is much like lessee Kelly's requirement in *Cincinnati Insurance Co.*, where Kelly was required to assist lessor Dawes in repairs and maintenance for the leased crane. This conclusion is further supported by the deposition testimony of Patrick Terrell, chief executive officer and president of Terrell Materials (CEO Terrell), which indicated that pursuant to the rental agreement, Terrell Materials was responsible for repair and maintenance of the concrete crusher, that it was responsible for returning the equipment to Powerscreen in the same condition as received, and that Powerscreen would make the repairs on the leased equipment if hired to do so by Terrell Materials. See *Holabird & Root*, 382 Ill. App. 3d at 1031, 886 N.E.2d at 1178 (in determining a duty to defend, courts may look to evidence beyond the underlying complaint so long as the court does not determine an issue critical to the underlying action); *Clarendon America Insurance Co.*, 387 Ill. App. 3d at 704, 900 N.E.2d at 392-93 (same). Thus, we hold that the contractual obligation of Terrell Materials to perform necessary maintenance work satisfied the "ongoing operations" language under the policy's terms, thereby triggering coverage.

¶ 35 We find unpersuasive Indiana Insurance's attempts to distinguish the facts of *Cincinnati Insurance Co.* from the instant case. Although John was an employee of Noel Construction, rather than Terrell Materials, at the time of his injury, based on the plain language of the underlying complaint and liberal construction of the term "arising out of" contained in the insurance policy at issue, John's injury would not have occurred but for the ongoing operations performed for Powerscreen by Terrell Materials. Specifically, Terrell Materials had a continued contractual obligation to maintain and repair the concrete crusher. Its alleged failure to do so places it within the parameters of the allegations in the underlying lawsuit. This is sufficient to trigger coverage.

¶ 36 Moreover, although CEO Terrell testified that Terrell Materials had hired Powerscreen to repair the concrete crusher prior to the date of John's accident, this did not create a genuine issue of material fact as to Terrell Materials' duty to repair and maintain the leased equipment under the rental agreement. Niall Horan (Horan), president of Powerscreen,

-10-

testified in his deposition that Terrell Materials was free to either perform the maintenance itself, subcontract the work to third-party service providers, or hire Powerscreen to make any necessary repairs in order to fulfill Terrell Materials' obligation to return the concrete crusher to Powerscreen in the same condition as it was received. Further, there is no evidence in the record, and Indiana Insurance does not allege, that the terms of the rental agreement were not in effect or that Terrell Materials was no longer under a contractual duty to repair and maintain the concrete crusher at the time of John's injury. Thus, regardless of the fact that Terrell Materials hired Powerscreen to fix the concrete crusher prior to the accident, Terrell Materials retained full possession and control of the concrete crusher and had a duty to repair and maintain the equipment under the rental agreement as an "ongoing operation" for Powerscreen. Therefore, Powerscreen was an additional insured under the Indiana Insurance policy and Indiana Insurance owed a duty to defend Powerscreen in the underlying lawsuit.

¶ 37    In so holding, we need not address Powerscreen and Hartford's alternative argument that Indiana Insurance owed Powerscreen a duty to defend because it had admitted to indemnity coverage by paying sums under the policy on behalf of Powerscreen to settle the underlying lawsuit. However, because Indiana Insurance had a duty to defend Powerscreen in the underlying lawsuit, we must consider whether Indiana Insurance's coverage was primary under its policy terms.

¶ 38    Powerscreen and Hartford argue that Indiana Insurance had the sole and primary obligation to defend Powerscreen in the underlying lawsuit and that Hartford had no such obligation to defend under the terms of both insurers' policies. Indiana Insurance makes no meaningful response to this argument, stating only that the scope of its coverage need not be considered by this court because it had no duty to defend Powerscreen. We reject this argument, since we conclude that Indiana Insurance had the sole and primary obligation to defend Powerscreen in the underlying lawsuit.

¶ 39    The plain language of the "other insurance" clause in the insurance policy issued by Hartford to Powerscreen as a named insured specified that Hartford would only provide excess coverage to Powerscreen where Powerscreen has been added as an additional insured to another insurer's policy. Further, the Indiana Insurance policy stated that Indiana Insurance would provide primary coverage except in certain enumerated circumstances which are not applicable to the instant case. Thus, in construing both insurance policies, Indiana Insurance had the sole and primary obligation to defend Powerscreen as an additional insured under its policy coverage in the underlying lawsuit. Accordingly, we hold that the circuit court properly ruled that Indiana Insurance must reimburse Hartford for the sums it paid to defend Powerscreen in the underlying lawsuit and the court appropriately granted summary judgment in favor of Powerscreen and Hartford.

¶ 40    As discussed, Hartford's motion for monetary judgment was incidental or collateral to the principal declaratory judgment actions, and the circuit court erred in "denying" the motion to reconsider its decision to deny the motion for monetary judgment without prejudice on the basis that it lacked jurisdiction pursuant to Rule 303(a)(2). On appeal, Hartford makes a number of arguments urging this court to determine the exact dollar

amount of reimbursement from Indiana Insurance to which it was entitled, including the determination of defense costs, pre-judgment interest, post-judgment interest, and other associated court costs. We decline Hartford's invitation to make those factual findings. The circuit court is the appropriate forum to make those determinations. Therefore, we remand this case to the circuit court for resolution of the reimbursement issue, including conducting an evidentiary hearing as may be necessary to determine the "sums [Hartford] paid to defend Powerscreen in the [underlying lawsuit], with costs."

¶ 41 For the foregoing reasons, we affirm the November 8, 2010 judgment of the circuit court of Cook County granting summary judgment in favor of Powerscreen and Hartford. We remand the matter to the circuit court solely for the determination of the amount of money including costs, to which Hartford is entitled, as reimbursement for its defense of Powerscreen in the underlying lawsuit.

¶ 42 Affirmed and remanded with directions.