2025 IL App (1st) 250194-U

SECOND DIVISION
August 5, 2025

No. 1-25-0194

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).
_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| WASHINGTON LAW OFFICES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23M5006445 |
| | ) | |
| YAFAWN SMITH-PETTIGREW, | ) | Honorable |
| | ) | Matthew J. Carmody, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Trial court's denial of attorney's request to order former client to pay costs associated with supplementary proceedings affirmed where attorney failed to supply a record that supported claim of error.

¶ 2    Plaintiff, Washington Law Offices (Washington Law) filed a breach of contract action against defendant, Yafawn Smith-Pettigrew, for unpaid attorney fees. The trial court entered judgment for Washington Law and against Smith-Pettigrew for $5090.27.  After Smith-Pettigrew paid the judgment amount in full approximately one month later, Washington Law filed a motion requesting the court order Smith-Pettigrew to also pay court costs totaling $252, associated with

Washington Law's filing of citations to discover her assets. The trial court denied Washington Law's motion, finding that the costs were not properly incurred because the citation to discover assets included incorrect information. Washington Law appeals the trial court's denial of its motion to assess those costs against Smith-Pettigrew.

¶ 3    The record shows that on October 23, 2023, Washington Law filed a verified complaint against Smith-Pettigrew. Washington Law alleged that it had entered into a contract with Smith-Pettigrew to represent her in an eviction lawsuit filed against her, that Washington Law had performed legal services for Smith-Pettigrew, and that Smith-Pettigrew had not paid Washington Law as agreed. Washington Law sought a past-due balance of $5072.81, and pre- and post-judgment interest. Washington Law attached the engagement agreement and various billing records.

¶ 4    Smith-Pettigrew filed an answer on December 12, 2023, requesting that the court deny Washington Law's requested relief. Smith-Pettigrew alleged that she paid Washington Law "$16,400 for a $5,000 eviction action," that Washington Law provided "numerous unnecessary and substandard services," and that Smith-Pettigrew fired Washington Law for "failure to provide diligent and professional legal services and overbilling."

¶ 5    The trial court conducted a bench trial on August 28, 2024, but no transcripts or acceptable substitutes appear in the record on appeal. On September 20, 2024, the trial court entered judgment for Washington Law in the amount of $4522.81, plus court costs of $567.46, for a total award of $5090.27, further finding "no just reason to delay enforcement or appeal of this Order."

¶ 6    Five days later, on September 25, 2024, Washington Law filed a citation to discover assets to JP Morgan Chase Bank, and on October 1, 2024, Washington Law filed a citation to discover assets to Smith-Pettigrew.

¶ 7    Thereafter, on October 28, 2024, Washington Law filed an "Emergency Motion," stating that Smith-Pettigrew had been served with the citation to discover assets, that she had "paid the judgment debt associated with the *** citation," but that she had not paid "the requisite court costs related to the Sheriff's fee for filing the citation, service of the citation on [Smith-Pettigrew] and her bank, and the court filing fees associated with two additional citations." Washington Law alleged that a "judgment debtor is responsible for all associated costs of the citation process" and asked the court to order Smith-Pettigrew "to pay all outstanding court costs associated with the filing and service of the citations."

¶ 8    The emergency motion was before the court on October 28, 2024, but no order from that date appears in the record on appeal, nor does the record contain a transcript or acceptable substitute. The parties agree that the court found that the motion was not an emergency.

¶ 9    On November 25, 2024, Washington Law filed a "Motion for Citation Court Costs." Washington reiterated that Smith-Pettigrew "remitted payment of the judgment via check *** on October 23, 2024," but that she "failed to remit payment of the associated court costs totaling $252." Washington Law repeated its request that the court order Smith-Pettigrew to pay the court costs associated with filing and service of the citations to discover her assets.

¶ 10    Smith-Pettigrew responded on December 12, 2024. She alleged that the judgment was entered on September 20, 2024, and that she had a "statutory right to file a motion to reconsider, to set aside the judgment or appeal the judgment" within 30 days. By filing a citation only 5 days after the judgment, Smith-Pettigrew alleged that Washington Law "jumped the gun," that the citation was "unnecessary and premature and any costs incurred *** should be born[e] by" Washington Law. Smith-Pettigrew also argued that the Washington Law failed to "spindle[ ]" and "properly place" the citation and motion before the court, which meant that the case was "not on

3

the call and was not heard" on the notice date, which wasted "time and attorney fees." Smith-Pettigrew asked the court to exercise its discretion to deny Washington Law's request, finding that the costs associated with the citations were not properly incurred, and that they caused Smith-Pettigrew to incur additional unnecessary costs.

¶ 11    On January 6, 2025, the trial court held a hearing on the motion, although no transcript or acceptable substitute appears in the record on appeal.  That same day, the court entered a written order. The court explained that a final and enforceable judgment was entered on September 20, 2024, and that Washington Law issued a citation to discover assets against Smith-Pettigrew on October 1, 2024.  The court noted, however, that the citation to discover assets directed Smith-Pettigrew to attend court on October 28, 2024, providing an incorrect courtroom number.  The court found that the costs incurred by Washington were "improperly incurred based upon the incorrect information set forth on the Citation to Discover Assets ***; consequently, those costs shall be paid by [Washington Law] and shall not be assessed against [Smith-Pettigrew]."

¶ 12    On February 3, 2025, Washington Law filed a notice of appeal.

¶ 13    In this appeal, Washington Law alleges that the trial court erred in denying its request for costs associated with issuing the citations to discover assets. Washington Law also contends that it is "entitled to an award of attorney fees" based on the language of its engagement agreement with Smith-Pettigrew, and that it is also entitled "to recover statutory interest on the post-judgment award."

¶ 14    Smith-Pettigrew initially responds that the above issues are "not the correct issues for [this court] to adjudicate." Instead, Smith-Pettigrew asks this court to review the September 20, 2024, judgment and find that it was "invalid" because she contends that she was denied the ability to submit evidence and testimony at the August 24, 2024, bench trial in support of her defense that

4

Washington Law provided substandard representation. Smith-Pettigrew asks this court to review this issue because "if the judgement [*sic*] is, in fact, invalid," it would render any post-judgment claims "invalid, as well."

¶ 15    Before turning to the merits of either parties' claims, we must consider our jurisdiction over this appeal. *In re Estate of York*, 2015 IL App (1st) 132830, ¶ 27 ("The Illinois Supreme Court has emphasized that courts of review have an independent duty to consider jurisdiction even if a jurisdictional issue is not raised by the parties.").

¶ 16    It is well established that jurisdiction only arises in this court when a party files a timely notice of appeal. *State Farm Fire and Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2007); Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994). A notice of appeal in a civil case is timely if it is filed within 30 days of the entry of the final judgment appealed from. *Rickhoff*, 394 Ill. App. 3d at 556; Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017). A final judgment is one that "fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." (Internal quotation marks omitted.) *Indiana Insurance Co. v. Powerscreen of Chicago, Ltd.*, 2012 IL App (1st) 103667, ¶ 22.

¶ 17    Initially, we may dispose of Smith-Pettigrew's challenge to the trial court's judgment, because it suffers from two fatal flaws. First, Smith-Pettigrew may not challenge alleged errors in the trial court's judgment, because she failed to file a cross-appeal as required by Illinois Supreme Court Rule 303(a)(3) (eff. July 1, 2017); *Martis v. Grinnell Mutual Reinsurance Co.*, 388 Ill. App. 3d 1017, 1024 (2009) ("Appellees may not argue alleged errors unless they timely file a cross-appeal"). A notice of cross-appeal is mandatory and jurisdictional. *Greco v. Coleman*, 176 Ill. App. 3d 394, 400 (1988). In the absence of a cross-appeal, the appellate court may address and decide

only the issues raised by the appellant. *Id.*

¶ 18    Additionally, Smith-Pettigrew's alleged errors relate to the September 20, 2024, order, granting judgment in favor of Washington Law in the amount of $5090.27. That order was a judgment entered by the court on the merits of the claim and it fixed the rights of the parties absolutely and finally. Following its entry, all that remained of Washington Law's action against Smith-Pettigrew was enforcement of the judgment. By definition, it was a final and appealable order. *Indiana Insurance Co.,* 2012 IL App (1st) 103667, ¶ 22.

¶ 19    For purposes of Supreme Court Rule 303(a)(1), a notice of appeal from that final judgment must be filed within 30 days thereafter, or within 30 days after the entry of an order disposing of a timely posttrial motion directed against that final judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).  In this case, neither party filed a posttrial motion directed against that order or a notice of appeal. Instead, Washington Law commenced enforcement proceedings, and Smith-Pettigrew paid the judgment amount in full.  Having failed to file timely notices of appeal from the September 20, 2024, final judgment, we lack jurisdiction to consider challenges to it from either party.

¶ 20    Accordingly, the only issue we have jurisdiction over in this appeal is the trial court's order in the supplementary proceedings, denying Washington Law's request to order Smith-Pettigrew to pay $252 in costs associated with citations to discover her assets.

¶ 21    However, before turning to that challenge, we must note various deficiencies in Washington Law's briefs, which fail to comply with Supreme Court Rule 341 (eff. Oct. 1, 2020), governing the form and contents of appellate briefs. The purpose of appellate rules is to require parties before the reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved. *Hall v. Naper Gold Hospitality LLC,* 2012 IL App (2d) 111151, ¶ 7. The procedural rules concerning appellate briefs are not mere

suggestions, and briefs that lack substantial conformity to those rules may be stricken. *Id.*, ¶¶ 7, 15 (striking appellant's brief and dismissing appeal due to numerous rule violations).

¶ 22    Pursuant to Rule 341(h)(6), the appellant's brief shall contain a statement of facts, which "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Citation to the record is also required in the argument section, which "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. Sup. Ct. R. 341(h)(7).

¶ 23    In violation of the above Rules, Washington Law's statement of facts contains numerous unsupported statements, without a single citation to the record on appeal. Washington Law occasionally purports to cite to "Exhibits," but no such exhibits were included with its brief, nor did it file an appendix as required by Ill. Sup. Ct. R. 342 (eff. Oct. 1, 2019).

¶ 24    An appellant is required to cite to the pages of the record on appeal upon which it relies "so that we are able to assess whether the facts *** present[ed] are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also *Collier v. Avis Rent A Car System, Inc.,* 248 Ill. App. 3d 1088, 1095 (1993) (without citations to the record, it is "next to impossible for this court to assess whether the facts as presented * * * are an accurate and fair portrayal of the events in this case.").

¶ 25    Briefs that do not substantially conform to the pertinent rules may justifiably be stricken. *Hall,* 2012 IL App (2d) 111151, ¶ 7. Nevertheless, this court has recognized that striking a brief, in whole or in part, is a harsh sanction. *Id.* ¶ 15. We will strike a brief only when the violations of the rules hinder our effective review. *Id.* Here, the record is small, and the issue is straightforward. Accordingly, we choose not to strike Washington Law's briefs, and we will consider the merits of

its appeal.

¶ 26    Washington Law's challenge is based on section 2-1402(h) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1402(h) (West 2022)) which provides that: "Costs in proceedings authorized by this Section shall be allowed, assessed and paid in accordance with rules, provided that if the court determines, in its discretion, that costs incurred by the judgment creditor were improperly incurred, those costs shall be paid by the judgment creditor." The section's plain language commits the determination of whether costs were "improperly incurred" to the court's discretion. "An abuse of discretion occurs when the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." (Internal quotation marks omitted.) *CitiMortgage, Inc. v. Moran*, 2014 IL App (1st) 132430, ¶ 24.

¶ 27    Washington Law acknowledges that the trial court has broad discretion in awarding costs, and such decisions are upheld unless there is a clear abuse of discretion. Washington Law contends, however, that the trial court's denial of its motion for costs associated with the citations to discover assets "could potentially be seen as an abuse of discretion," because it was "based solely on a minor clerical error and not on substantive grounds." Washington Law asserts that, although its citation to discover assets included the wrong courtroom number for the October 28, 2024, court date, Smith-Pettigrew was not "misled nor prejudiced by the clerical error" because her counsel actually appeared in the correct courtroom, and participated on that date. Washington Law contends that the trial court's "erroneous interpretation of the significance attributed to the courtroom designation" amounts to reversible error. The record on appeal, however, does not support Washington Law's contentions.

¶ 28    Illinois Supreme Court Rules 321 and 324 require an appellant to provide a complete record on appeal, including a certified copy of the report of proceedings. Ill. S. Ct. R. 321 (eff. Feb. 1,

1994); Ill. S. Ct. R. 324 (eff. July 1, 2017). If a verbatim transcript is unavailable, the appellant may file an acceptable substitute, such as a bystander's report or an agreed statement of facts, as provided for in Rule 323. Ill. S. Ct. R. 323(c) (eff. July 1, 2017).

¶ 29    In this case, however, there is no order from the October 28, 2024, court appearance, nor is there a transcript or acceptable substitute to substantiate Washington Law's claims about what occurred on that date. There is also no transcript or acceptable substitute from the January 6, 2025, hearing on Washington Law's motion. In these circumstances, this court has no way to evaluate the significance of the error contained in Washington Law's citation to discover Smith-Pettigrew's assets, or to determine whether such an error supported the court's conclusion that the associated costs were improperly incurred. Without knowing what evidence was presented to the court, or what arguments were made at the hearing on Washington Law's motion, there is no basis on which we could conclude that the trial court's decision was arbitrary, fanciful or unreasonable, or that no reasonable person would take the same view. See *Moran*, 2014 IL App (1st) 132430, ¶ 24.

¶ 30    It was Washington Law's burden, as the appellant, to provide us with a record sufficiently complete to support its claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 394 (1984). Any doubts that arise from the record's incompleteness are to be resolved against the appellant and we presume that the trial court ruled in conformity with the law and sufficient factual basis. *Id.*; *Gakuba v. Kurtz,* 2015 IL App (2d) 140252, ¶ 22 (presumption that the court acted properly in absence of a complete record applies "especially" when standard of review is abuse of discretion). Because Washington Law has not supplied us with a record sufficient to support its claim of error, we presume that the trial court correctly decided to deny its request for costs.

¶ 31    Washington Law also contends that it is "entitled to an award of attorney fees" based on the language of its engagement agreement with Smith-Pettigrew. Washington Law does not

specifically explain what attorney fees it believes that it is entitled to, but if it is arguing that the September 20, 2024, judgment should have included an award of attorney fees, we lack jurisdiction to consider that issue for the reasons explained above. See *supra* ¶¶ 18-19. To the extent that Washington Law is asking for attorney fees in connection with the supplementary citation proceedings, the record indicates that Washington Law did not request such attorney fees before the trial court. It is well settled that issues not raised in the trial court are forfeited and may not be raised for the first time on appeal. *Haudrich v. Howmedica,* 169 Ill.2d 525, 536 (1996). "A trial court cannot err in failing to decide an issue not presented to it for decision." *Schili Leasing, Inc. v. Forum Insurance Co.,* 254 Ill. App. 3d 731, 746 (1993). Moreover, even if we could reach such an issue, we would find it without merit. See *Fritz v. Ferry*, 2025 IL App (3d) 240489, ¶ 46 (" 'costs' that may be awarded in supplementary proceedings [under section 2-1402(h)] do not include attorney fees.").

¶ 32    Finally, Washington Law contends that it is also entitled "to recover statutory interest on the post-judgment award." Again, Washington Law did not raise this issue in the trial court, and we find its belated attempt to do so in this court to be forfeited. *Haudrich,* 169 Ill. 2d at 536.

¶ 33    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 34    Affirmed.