# Illinois Official Reports

## Appellate Court

---

### *In re Estate of York*, 2015 IL App (1st) 132830

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF MARY M. YORK, Deceased (Lagenia Bailey, Executor, Petitioner-Appellant, v. Rosemary Mulryan, Respondent-Appellee). |
| District & No. | First District, Third Division<br>Docket No. 1-13-2830 |
| Filed | March 31, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-P-5066; the Hon. John J. Fleming, Judge, presiding. |
| Judgment | Dismissed; remanded. |
| Counsel on Appeal | Todd C. Lyster & Associates, of Chicago (Todd C. Lyster, of counsel), for appellant.<br><br>Charles A. Janda, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE PUCINSKI delivered the judgment of the court, with opinion.<br>Justices Lavin and Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1     The case before us serves as a cautionary tale to litigants to adhere to Illinois Supreme Court Rule appellate filing deadlines, to timely file requests for extensions of time with good cause shown, and to specify all grounds of appeal in the notice of appeal.

¶ 2     Respondent-appellee belatedly filed a motion to dismiss this appeal, arguing that the order dismissing a count with prejudice was not immediately appealable under Illinois Supreme Court Rule 304(b)(1) (Ill. S. Ct. R. 304(b)(1) (eff. Feb. 26, 2010)) and belatedly sought an extension of time to file a response brief only after we entered an order taking the appeal under consideration on the appellant's brief only. We reject appellee's argument regarding jurisdiction, as the court's dismissal order disposed of an entire claim related to certain property in the probate proceedings, thereby satisfying Rule 304(b)(1). We also reject appellee's argument that she did not timely file any response because she felt the lack of jurisdiction was "obvious." Regardless of how "obvious" a litigant deems an argument, it may be unsuccessful, as in this case, and it still must be timely made before this court. Because appellee provided no good cause for why she did not timely file her motion or seek an extension of time to file her appellate brief pursuant to Illinois Supreme Court Rule 343(c) (eff. July 1, 2008), we abide by our prior order and consider this appeal on appellant's brief only.

¶ 3     The appellant, however, does not fare any better. Appellant devoted half of her argument in her appellate brief to the dismissal of count I of her citation to recover assets (for breach of fiduciary duty) pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2012)) but did not include review of the dismissal of that count in her notice of appeal. Instead, the appellant specified only the dismissal of count II (for fraud) pursuant to section 2-615 in her notice of appeal. Because of appellant's failure to specify the dismissal of count I in her notice of appeal–apparently the intended ground of her appeal–we lack jurisdiction to review it. The majority of appellant's argument on appeal was for naught.

¶ 4     We further hold that we are without jurisdiction to review appellant's other ground of error: an order denying appellant's motion to strike an affidavit used in support of appellee's section 2-619 portion of her motion to dismiss in the circuit court. The only ground specified in appellant's notice of appeal was the dismissal of count II, and that count was dismissed pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)). The court's order denying a motion to strike an affidavit in support of the section 2-619 portion of appellee's motion to dismiss could not have been a step in the procedural progression to a section 2-615 dismissal because consideration of affidavits is not allowed in ruling on section 2-615 dismissals. Thus, we do not have jurisdiction to review this order either, and the other half of appellant's argument regarding the order denying her motion to strike the affidavit also was for naught. Where the only portion of judgment order appealed from is the dismissal of a count pursuant to section 2-619, a step in the procedural progression of the dismissal of a count pursuant to section 2-619 is not reviewable. Not only are we without jurisdiction to review judgments not specified in the notice of appeal, but we are without jurisdiction to review all interlocutory orders constituting steps in the procedural progression toward those unspecified judgments.

¶ 5     As to the only ground of appeal specified in appellant's notice of appeal, the dismissal of count II for fraud pursuant to section 2-615, appellant failed to include any argument, thereby waiving it pursuant to Illinois Supreme Court Rule 341(h)(7) (Ill. S. Ct. R. 341(h)(7) (eff. Feb.

6, 2013)). We do not deem the notice of appeal as a clerical error, as the notice of appeal specified not only count II, rather than count I, but also specified the grounds of dismissal as pursuant to section 2-615, which was the basis for dismissal of count II and not count I. As such, we presume the court's judgment was not in error and we affirm and remand for further proceedings consistent with our opinion.

¶ 6                                                   BACKGROUND

¶ 7         We provide a brief summary of the factual background of this action. The decedent, Mary York, and respondent-appellee Rosemary Mulryan, were law firm partners in the firm of Mulryan & York from 1988 until York died on January 23, 2008. York was the primary income generator for the firm and was responsible for the daily operation of the firm. York handled all the real estate transactions for the firm and worked longer hours than Mulryan.

¶ 8         According to the executor's statement of facts, on July 20, 2007, at Mulryan's request, York loaned Mulryan $60,000 so that Mulryan could purchase real estate in Cassopolis, Michigan. According to the loan agreement, The loan was at a rate of 6% interest by way of York's Schwab account to Meridian Title for Mulryan. York was to have a lien on the Michigan property until the loan was repaid. Mulryan made four payments of $506.31 each, for a total of $2,025.24 to York.

¶ 9         York died on January 23, 2008, and Mulryan stopped making any further payments on the loan, claiming that the balance owed on the loan became a "gift." Mulryan retained the balance of $74,730.83 and failed to repay the balance of the loan plus the 6% interest to York's estate. Mulryan also took a $5,000 distribution from the firm's account after York's death.

¶ 10         On June 5, 2009, the executor of York's estate filed a citation to discover assets directed to Mulryan. The executor sought recovery of the balance of the $60,000 "loan," plus interest, as well as a distribution of $5,000 taken out of the firm's account by Mulryan after York's death. On July 14, 2009, Mulryan filed her appearance. On April 30, 2012, the executor filed an amended petition for issuance of a citation to discover assets and for issuance of a citation to recover assets, directed to Mulryan, alleging count I for breach of fiduciary duty, count II for fraud, count III for conversion, and count IV for embezzlement. On June 14, 2012, the court entered an order amending and converting the citation to discover assets to a citation to recover assets.

¶ 11         On October 23, 2012, Mulryan filed a combined motion to dismiss pursuant to section 2-619.1 of the Illinois Code of Civil Procedure, with an attached affidavit in support of her motion. On December 6, 2012, the executor filed her response to Mulryan's motion to dismiss, as well as a motion to strike Mulryan's affidavit. Mulryan filed a response to the executor's motion to strike the affidavit on January 4, 2013, and on January 25, 2013 the executor filed her reply. The court denied the executor's motion to strike Mulryan's affidavit in an order dated April 1, 2013, without an evidentiary hearing.

¶ 12         In the court's order of April 1, 2013, the court set a hearing date for Mulryan's motion to dismiss. On May 1, 2013, the executor filed a motion for leave to file an amended response to Mulryan's motion to dismiss, which the court granted on May 2, 2013. The executor filed her amended response to Mulryan's motion to dismiss, supported by an affidavit by the executor, on May 28, 2013. On June 10, 2013, the executor filed an amended affidavit.

¶ 13    On August 7, 2013, the court granted Mulryan's combined motion to dismiss pursuant to section 2-619 with prejudice with respect to all allegations in counts I through IV relating to the $60,000 loan to Mulryan pursuant to section 2-619 (735 ILCS 5/2-619 (West 2012)), finding that there was no fiduciary relationship between Mulryan and York with respect to the loan. As to the remaining allegations in all the counts, the court granted dismissal based on section 2-615 without prejudice and with leave to replead. The order entered by the court provided as follows:

> "1. The Motion to Dismiss is granted with respect to any and all allegations in Counts I, II, III, and IV that relate to the $60,000.00 loan to Mulryan, the Court finding that there was no fiduciary relationship between Mulryan and York with respect to said loan and the Court finding no exception applies. The dismissal with respect to all allegations relating to said loan shall be with prejudice, the basis of said dismissal being 2-619.
>
> 2. Count II (Fraud) is dismissed with prejudice based on 2-615.
>
> 3. All other Counts (I, III, and IV) are dismissed without prejudice. The Executor may replead said counts to be more clear."

¶ 14    On September 4, 2013, the executor timely filed a notice of appeal.

¶ 15    Mulryan failed to file a response brief. On November 24, 2014, we entered an order taking the case for consideration on the executor's brief only. On December 10, 2014, Mulryan filed a motion for an extension of time and for leave to file a motion to dismiss the appeal for lack of jurisdiction. We entered an order taking Mulryan's motion for consideration with the appeal.

¶ 16                                    ANALYSIS
¶ 17                    I. Supreme Court Rule 304(b)(1) Jurisdiction

¶ 18    We first address Mulryan's motion to dismiss this appeal for lack of jurisdiction. Mulryan argues that the court's order of August 7, 2013 is not appealable under Illinois Supreme Court Rule 304(b)(1) (Ill. S. Ct. R. 304(b)(1) (eff. Feb. 26, 2010) ("A judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party.")). Mulryan argues that she did not timely file any responsive brief or motion on appeal because the lack of jurisdiction based on the lack of finality of the court's order of August 7, 2013 was "clear" and she did not feel that any response was necessary. We disagree.

¶ 19    A reviewing court has a duty to ascertain its jurisdiction before proceeding in a cause of action and must dismiss the appeal if the court lacks jurisdiction. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52 (2010); *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 20    While generally an appeal can only be taken from a judgment as to fewer than all claims "if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both" (Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)), no such finding is required to appeal from an order entered pursuant to Rule 304(b)(1) if the judgment or order is a final determination of the right or status of a party. Illinois Supreme Court Rule 304(b)(1) provides an exception to this rule whereby judgments or orders entered in estate proceedings that determine a right or status of a party are immediately appealable without the Rule 304(a) special finding:

"(b) Judgments and Orders Appealable Without Special Finding. The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:

(1) A judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." Ill. S. Ct. R. 304(b)(1) (eff. Feb. 26, 2010).

¶ 21 "A final order is one that 'disposes of the rights of the parties either with respect to the entire controversy or some definite and separate portion thereof.' " *In re Estate of Yucis*, 382 Ill. App. 3d 1062, 1069 (2008) (quoting *Arachnid, Inc. v. Beall*, 210 Ill. App. 3d 1096, 1103 (1991)). The Committee Comments to Rule 304(b)(1) indicate that "[s]ubparagraph (1) applies to orders that are final in character although entered in comprehensive proceedings that include other matters. Examples are an order admitting or refusing to admit a will to probate, appointing or removing an executor, or *allowing or disallowing a claim*." (Emphasis added.) Ill. S. Ct. R. 304, Committee Comments (rev. Sept. 1988). Rule 304(b)(1) promotes efficiency and provides certainty by allowing an appeal as to some issues as those issues are resolved during the lengthy procedure of estate administration. *In re Estate of Mueller*, 275 Ill. App. 3d 128, 139 (1995) (citing *Yardley v. Yardley*, 137 Ill. App. 3d 747, 750-51 (1985)). "Only final orders fit within Rule 304(b)(1). "Without the Rule 304(b)(1) exception, an appeal would have to be brought after an estate was closed, the result of which may require reopening the estate and marshalling assets that have already been distributed." *In re Estate of Thorp*, 282 Ill. App. 3d 612, 616-17 (1996).

¶ 22 However, "not every order entered in an estate proceeding may be immediately appealed." *In re Estate of Vogt*, 249 Ill. App. 3d 282, 285 (1993). For appellate jurisdiction to attach, the order must "finally" determine the right or status of a party. (Internal quotation marks omitted.) *Estate of Vogt*, 249 Ill. App. 3d at 285. "It is not necessary that the order resolve all matters in the estate, but it must resolve all matters on the particular issue." *Stephen v. Huckaba*, 361 Ill. App. 3d 1047, 1051 (2005). In other words, the "ultimate right, not the theory upon which that right is premised, must be determined." *In re Liquidation of Medcare HMO, Inc*., 294 Ill. App. 3d 42, 46 (1997). See *In re Estate of Jackson*, 354 Ill. App. 3d 616, 619 (2004) (finding that the respondents had no right to property because judgment order that deed was invalid and property belonged to estate was a final determination of the parties' rights to the real property). *Cf. Medcare HMO*, 294 Ill. App. 3d at 47 (assessing Rule 304(b)(2) and concluding that rights of parties to monies paid to attorneys was not finally determined when the court dismissed fraudulent conveyance count because right to recover the payment on the related but alternative theory of voidable preference had yet to be determined).

¶ 23 We allowed the executor an opportunity to respond to Mulryan's motion to dismiss based on lack of jurisdiction, and the executor argues that by the court's order of August 7, 2013 the circuit court also dismissed all allegations related the loan pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 2/619 (West 2012)), which included not only count I but all allegations regarding the loan in counts I, III and IV, thereby defeating any claim for the $60,000 loan. The executor also argues that the dismissal of these counts was with prejudice, which is a final determination regarding any claim to that alleged loan.

¶ 24 We agree with the executor. As in *Estate of Thorp* and *Estate of Jackson*, the dismissal order at issue finally determined a party's right to particular property in an estate proceeding. Here, the circuit court determined that estate had no claim to the $60,000, under either a breach

of fiduciary duty claim or a fraud claim, and the motion to dismiss was "granted with respect to any and all allegations in Counts I, II, III, and IV that relate to the $60,000.00." The dismissal was with prejudice, and so it was a final determination of the estate's right to the money in question, based on either fiduciary duty or fraud. Thus, the facts of this case and the dismissal order are squarely within Rule 304(b)(1) as an immediately appealable order. We therefore deny Mulryan's motion to dismiss for lack of jurisdiction based on Rule 304(b)(1).

¶ 25    Additionally, Mulryan failed to timely file a response brief or motion for extension of time, arguing only that she felt it was unnecessary because of her jurisdiction argument, which is unmeritorious. Yet, after we entered our order taking the case on the executor's brief only, Mulryan then filed her motion to dismiss for lack of jurisdiction and sought leave to file a response brief. Mulryan fails to provide good cause for why she failed to do so in a timely manner. See Ill. S. Ct. R. 343(c) (eff. July 1, 2008) (requiring a showing of good cause to extend the time for filing briefs on appeal). We note that the executor included an argument in her appellate brief regarding jurisdiction, specifically relying on Illinois Supreme Court Rule 304(b)(1) (Ill. S. Ct. R. 304(b)(1) (eff. Feb. 26, 2010)), which Mulryan now belatedly seeks to challenge. We agree with the executor's argument that Mulryan has caused unnecessary delay in the disposition of this case on appeal and so we deny her motion for extension of time. Given Mulryan's failure to file any response to the executor's appellate brief and disregard for mandated appellate deadlines, we abide by our prior order and proceed based on the executor's brief only.

¶ 26                              II. Notice of Appeal Jurisdiction

¶ 27    Rather than a failure to satisfy Rule 304(b)(1) as the ground for lack of jurisdiction, although this ground was not raised by the parties, we instead find that we lack jurisdiction due to the executor's deficient notice of appeal. The Illinois Supreme Court has emphasized that courts of review have an independent duty to consider jurisdiction even if a jurisdictional issue is not raised by the parties. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009); *People v. Smith*, 228 Ill. 2d 95, 104-06 (2008).

¶ 28    In her appellate brief, the executor raises only two grounds of error: (1) that the court erred in dismissing count I in finding that there was no fiduciary relationship between York and Mulryan regarding the loan of $60,000; and (2) that the court erred in denying her motion to strike Mulryan's affidavit in support of Mulryan's section 2-619 portion of her combined section 2-619.1 motion to dismiss.

¶ 29                  A. The Dismissal of Count I Pursuant to Section 2-619
                          Was Not Included in the Notice of Appeal and
                          We Are Without Jurisdiction to Review It

¶ 30    The executor argues that the court erred in dismissing count I for breach of fiduciary duty pursuant to section 2-619 because there was a loan made by York to Mulryan and there was a long-term personal and fiduciary relationship between them as law firm partners.

¶ 31    But in the executor's notice of appeal, the executor only appealed from the dismissal of count II for fraud pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)) in the court's order of August 7, 2013. The executor did not appeal from

the dismissal of count I, even though the court's order of August 7, 2013 dismissed all allegations in all the other counts pertaining to the loan, including count I.

¶ 32 " 'The filing of a notice of appeal "is the jurisdictional step which initiates appellate review." ' " *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) (quoting *People v. Smith*, 228 Ill. 2d 95, 104 (2008), quoting *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998)). Illinois Supreme Court Rule 303(b)(2) requires that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. May 30, 2008).

¶ 33 "The purpose of the notice of appeal is to inform the prevailing party that the other party seeks review of the trial court's decision." *People v. Lewis*, 234 Ill. 2d 32, 37 (2009). " 'Where the deficiency in notice is one of form, rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal.' " *Smith*, 228 Ill. 2d at 105 (quoting *Lang v. Consumers Insurance Service, Inc.*, 222 Ill. App. 3d 226, 230 (1991)). The failure to comply strictly with the form of the notice is not fatal if the deficiency is nonsubstantive and the appellee is not prejudiced. *People v. Lewis*, 234 Ill. 2d 32, 37 (2009) (citing *Smith*, 228 Ill. 2d at 105).

¶ 34 But "[a] notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) (citing *People v. Lewis*, 234 Ill. 2d 32, 37 (2009)). We lack jurisdiction to consider issues not specified in the notice of appeal. *Atkinson v. Atkinson*, 87 Ill. 2d 174, 177-78 (1981). Unless there is a properly filed notice of appeal, we lack jurisdiction over the matter and we are obliged to dismiss the appeal. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011); *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (citing *People v. Anderson*, 375 Ill. App. 3d 121, 131 (2006)).

¶ 35 This case does not present an excusable example of error merely as to form, such as a wrong numerical designation (see *People v. Bennett*, 144 Ill. App. 3d 184, 185 (1986) (incorrect numerical designation on *pro se* notice of appeal was treated as clerical error where body of notice clearly referred to matter sought to be reviewed and all of defendants' arguments pertained only to that case)), or the wrong date of an order (see *In re Marriage of Ramsey*, 339 Ill. App. 3d 752, 755-56 (2003) (notice of appeal of court order was not defective, even though notice had date of order wrong in one instance, where notice specified correct date in other instance)).

¶ 36 Here, the error is entirely as to the very substance of the notice of appeal. The substance of the notice of appeal is highly specific. It states that the relief sought from this court is the following:

"Reversal of COURT'S RULING of 08/07/2013 granting ROSEMARY S. MULRYAN'S MOTION TO DISMISS COUNT II OF CITATION TO RECOVER ASSETS (a loan/debt), WITH PREJUDICE, PURSUANT TO SECTION 2-615."

¶ 37 The executor argues for the reversal of count I in her brief, but she only appealed from the dismissal of count II in her notice of appeal. Not only does the notice of appeal specify a different count than the one she argues about in her brief–count II, rather than count I–but it also specifies that the dismissal appealed from was under a different statutory section, section 2-615, pursuant to which count II was dismissed, rather than section 2-619, pursuant to which count I was dismissed. The inclusion of the parenthetical "a loan/debt" does not sway this determination either way, because both count I and count II were based on the allegations of a

loan/debt. As such, the substance of the notice of appeal rather specifically denotes that the appeal is only from the dismissal of count II with prejudice, pursuant to section 2-615.

¶ 38    In *Long v. Soderquist*, 126 Ill. App. 3d 1059, 1062 (1984), an order was entered granting the defendants' motion for summary judgment as to counts VI and VIII and dismissing counts V and VII in that case with prejudice. *Long*, 126 Ill. App. 3d at 1062. The notices of appeal as to the county defendants appealed only from the judgments granting the defendants' motions for summary judgment, and not from the dismissal of counts V and VII. *Id*. Thus, the court held that there was no timely appeal of the judgment on those counts and did not review them. *Id*. See also *Diocese of Quincy v. Episcopal Church*, 2014 IL App (4th) 130901, ¶ 35 (holding that where a plaintiff's notice of appeal is from a judgment order as to certain counts and does not refer to an earlier order dismissing other counts, we lack jurisdiction to consider the earlier dismissal order).

¶ 39    Although the executor argues for the reversal of the dismissal of count I in her brief, the failure to file a proper notice of appeal is not remedied by addressing the appropriate count or issue in an appellate brief. See *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 178 (2011).

¶ 40    We further note that although we have jurisdiction to review the dismissal of count II, the executor made no argument regarding count II in her appellate brief. The executor's argument is directed to count I, but we are without jurisdiction to review the dismissal of count I.

¶ 41                    B. We Are Also Without Jurisdiction to Review the Order
                        Denying the Motion to Strike Mulryan's Affidavit

¶ 42    The executor devotes the other half of her appellate brief to her argument that the court erred in denying her motion to strike Mulryan's affidavit in support of the section 2-619 portion of Mulryan's section 2-619.1 motion to dismiss because the affidavit did not comply with Illinois Supreme Court Rule 191(a) (Ill. S. Ct. R. 191(a) (eff. July 1, 2002)).

¶ 43    As we have noted, however, the executor appeals only from the section 2-615 dismissal of Count II, and thus our review of the court's order denying the motion to strike Mulryan's affidavit is limited to the context of the section 2-615 dismissal of count II only. The executor did not include the order denying the motion to strike Mulryan's affidavit in her notice of appeal (Ill. S. Ct. R. 303(b)(2) (eff. May 30, 2008)), and there was no Rule 304(a) language in the order denying the motion to strike Mulryan's affidavit which would have made it separately appealable. See Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). The order was an interlocutory order, and so we can review the order denying the motion to strike Mulryan's affidavit only if it was a step in the procedural progression leading to the dismissal of count II with prejudice. See *Longo v. Globe Auto Recycling, Inc.*, 318 Ill. App. 3d 1028, 1034 (2001) (interlocutory orders unspecified in a notice of appeal are reviewable if they are a step in the procedural progression leading to a final reviewable judgment order).

¶ 44    The ruling on the motion to strike Mulryan's affidavit could not have been a step in the procedural progression leading to the section 2-615 dismissal of count II, as consideration of affidavits is not allowed in ruling on section 2-615 dismissals. Affidavits are considered only in conjunction with section 2-619 motions to dismiss. When ruling upon a section 2-615 motion, a trial court may consider only the allegations of the complaint and may not consider defendant's other supporting material. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 49. "In ruling on a section 2-615 motion, the court may not consider affidavits, products of discovery,

documentary evidence not incorporated into the pleadings as exhibits, or other evidentiary materials." *Cwikla v. Sheir*, 345 Ill. App. 3d 23, 29 (2003). Unlike a motion for summary judgment or a motion for involuntary dismissal that raises an affirmative matter avoiding the legal effect of or defeating the claim, a motion to dismiss for failure to state a claim (735 ILCS 5/2-615 (West 2012)) is a motion based on the pleadings rather than the underlying facts; thus, depositions, affidavits, and other supporting materials may not be considered by the court in ruling on a section 2-615 motion. *Provenzale v. Forister*, 318 Ill. App. 3d 869, 879 (2001).

¶ 45 The court in its dismissal ruling did not consider Mulryan's affidavit, either at the hearing or in its written order of August 7, 2013. We also will not consider any affidavits in the context of our review of a section 2-615 dismissal. See *Saletech, LLC v. East Balt, Inc.*, 2014 IL App (1st) 132639, ¶ 16 (refusing to consider on appeal an affidavit filed in response to a section 2-615 motion to dismiss in the circuit court).

¶ 46 As such, we do not have jurisdiction to review the court's order denying the executor's motion to strike Mulryan's affidavit either. We therefore must dismiss the entire appeal.

¶ 47                                  CONCLUSION

¶ 48 The respondent to the citation to recover assets failed to timely file a response brief or seek an extension of time to file one, and so we abide by our prior order taking the appeal only on the executor's brief.

¶ 49 Because the executor failed to file a proper notice of appeal, raising only the dismissal of count II under section 2-615 in the substance of her notice of appeal, we do not have jurisdiction to review the dismissal of count I pursuant to section 2-619. We also do not have jurisdiction to review the court's order denying the executor's motion to strike Mulryan's affidavit because the order could not have been a step in the procedural progression to the dismissal of count II under section 2-615, as affidavits cannot be considered on section 2-615 dismissals. We therefore must dismiss the entire appeal.

¶ 50 Because the court allowed the executor an opportunity to replead in the circuit court on other counts, we remand the case to the circuit court.

¶ 51 Dismissed; remanded.