2019 IL App (1st) 182454-U

SIXTH DIVISION
March 20, 2020

No. 1-18-2454

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MANSOUR MOHAMMAD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CH 16957 |
| | ) | |
| DOROTHY BROWN, in Her Official Capacity as Clerk | ) | Honorable |
| of the Circuit Court of Cook County, | ) | Peter Flynn, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Cunningham and Harris concurred in the judgment.

**O R D E R**

¶ 1    *Held*:  The circuit court's dismissal of plaintiff's complaint is affirmed where plaintiff failed to assert a cognizable claim upon which relief could be granted.

¶ 2    Plaintiff Mansour Mohammad appeals from the dismissal of his complaint against defendant Dorothy Brown, Clerk of the Circuit Court of Cook County (Clerk), pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)). Mr. Mohammad argues that the court erred in dismissing his complaint because he stated a valid claim that the

Clerk violated the Clerks of Courts Act (Act) (705 ILCS 105/0.01 *et seq.* (West 2016)) by not providing him with "access" to certain requested records. While we are sympathetic to Mr. Mohammad's desire to obtain his court records, we must affirm the dismissal because he has presented no cognizable claim.

¶ 3                                    I. BACKGROUND

¶ 4      On December 26, 2017, Mr. Mohammad, who is incarcerated, filed a *pro se* complaint for declaratory relief under the Act. Mr. Mohammad alleged that on October 10, 2017, he submitted a request for "public records/documents" to the Clerk and the Clerk "failed to act, respond," or "accom[m]odate" the requested public records, failed to inform Mr. Mohammad when the requested records would be provided, and failed to "move[ ] to schedule a legal call with [Mr. Mohammad] to discuss options on scheduling a full/fair inspection and examination of such records." Relying on section 16 of the Act (705 ILCS 105/16 (West 2016)), Mr. Mohammad maintained that the Clerk was "intentionally ignoring [his] public records request and refusing to copy and/or allow[ ] a full examination/inspection of the requested public documents." He asked to be found exempt from paying for copies of the requested records and for the Clerk to be "enjoined from withholding the requested records," ordered "to release the requested records within a specified period of time," ordered to pay Mr. Mohammad's costs and legal fees, and assessed a "civil penalty of not less than $2500 nor more than $5000."

¶ 5      Mr. Mohammad attached to his complaint his initial written request to the Clerk, dated October 10, 2017, asking for "a full inspection, examination, and/or copy of the public records" in his criminal case, No. 09 CR 8678. He explained that he needed access to the records "to file a *pro se* executive clemency petition" in accordance with section 3-3-13 of Unified Code of Corrections (730 ILCS 5/3-3-13 (West 2016)).

¶ 6      On March 16, 2018, the Clerk filed a motion to dismiss the complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)), arguing that the Act provided Mr. Mohammad with no basis for relief, and he had thus failed to plead a cognizable cause of action.

¶ 7      The circuit court agreed. On October 2, 2018, it granted the Clerk's motion. The court also noted, however, that Mr. Mohammad had "suggest[ed] that he [might] be entitled to free copies of court records for purposes of seeking post-conviction relief, and point[ed] out that the judge who handled [his] criminal trial and sentencing [might] be able to authorize that relief." The court therefore dismissed the Clerk as a defendant, modified the case caption to read "In re Mansour Mohammed," and, on October 18, 2018, transferred the matter to the presiding judge of the chancery division, who then transferred it to the criminal division of the circuit court of Cook County for reassignment to the judge who handled Mr. Mohammad's criminal proceedings.

¶ 8      The record contains no further orders following that transfer.

¶ 9                          II. JURISDICTION

¶ 10      The record shows that on October 18, 2018, Judge Flynn transferred case No. 17 CH 16954 to the presiding judge of the chancery division of the circuit court of Cook County "for reassignment to the criminal division judge who handled the criminal proceedings, per October 2 2018 order in this matter." That same day, Judge Moshe Jacobius, presiding judge of the chancery division, entered a "Transfer Order" to the Criminal Division stating the case was "Transferred to the Presiding Judge for reassignment to the Criminal Division Judge who handled the criminal proceedings."

¶ 11      Neither party addressed the question of jurisdiction in their appellate brief, but this court has an independent duty to consider its jurisdiction. *In re Estate of York*, 2015 IL App (1st) 132830, ¶ 27. Because the status of the case after the transfer order was entered was unclear from

the record, on February 5, 2020, this court directed the parties to file simultaneous supplemental briefs addressing the issue of jurisdiction and to specifically tell us "why the circuit court's order of October 2, 2018, is final and appealable."

¶ 12    In his supplemental brief, Mr. Mohammad stated simply that this court has jurisdiction because he appealed from a final judgment order dismissing his claim against the Clerk. The Clerk, in contrast, argued that this court lacks jurisdiction because the circuit court treated Mr. Mohammad's complaint as containing two separate requests for relief: "(1) against the Clerk for not supplying the requested documents; and (2) to the judge who presided over [Mr. Mohammad's] criminal trial and sentencing on the theory that the judge might be able to order production of the requested documents for purposes of [Mr. Mohammad's] postconviction petition."

¶ 13    Although the Clerk argued that only the first claim was dismissed by the circuit court and that it was thus not a final and appealable order, the Clerk has not directed us to anything that suggests the case is still pending anywhere in the circuit court. Our own search reveals that case No. 09 CR 8678—the criminal case that Mr. Mohammad sought the record for—was no longer pending at the time this case was transferred to the criminal division because Mr. Mohammad filed a notice of appeal in that case on September 12, 2016, and that appeal is still currently pending before this court. It is unclear to us what claim or claims remained to be transferred by Judge Jacobius's transfer order and nothing in the record suggests that the case continued on in the way that Judge Flynn anticipated when he entered the initial order. We are also unaware of any procedure that would have allowed this case to be transferred to the criminal division, where cases are assigned only after a finding of probable cause, the waiver of a preliminary hearing, or indictment by a grand jury under the local rules of the circuit court. Cook County Cir. Ct. R. 15.1(a) (March 4, 2014). Because nothing in the record indicates that any portion of the case survived

following the circuit court's October 2, 2018, order, we agree with Mr. Mohammad that the case was final when the only claim asserted against the only defendant—the Clerk—was dismissed.

¶ 14    Mr. Mohammad timely filed his notice of appeal from the circuit court's dismissal of his case against the Clerk on October 24, 2019. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 15                                    III. ANALYSIS

¶ 16    On appeal, Mr. Mohammad contends that the circuit court erred in dismissing his complaint against the Clerk because (1) the court misinterpreted the facts of the case, (2) the court overlooked that the Clerk was required to act upon Mr. Mohammad's records request, and (3) Mr. Mohammad articulated a legally cognizable claim as his basis for recovery. In response, the Clerk argues that the court properly dismissed Mr. Mohammad's complaint because the Act does not provide the relief Mr. Mohammad is seeking. For the following reasons, we affirm the court's dismissal of Mr. Mohammad's complaint.

¶ 17    The circuit court dismissed Mr. Mohammad's complaint pursuant to section 2-615 of the Code. 735 ILCS 5/2-615 (West 2016). A motion brought under this section "challenges the legal sufficiency of a complaint based on defects apparent on its face." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). To avoid dismissal, a plaintiff "must allege facts sufficient to bring a claim within a legally recognized cause of action." *Id.* at 429-30. "In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts" and we "construe the allegations in the complaint in the light most favorable to the plaintiff." *Id.* at 429. A cause of action should only be dismissed under this section if "it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to

5

recovery." *Id.* at 429. Our review is *de novo*. *Id.* at 430.

¶ 18   Mr. Mohammad argues that he can state a claim against the Clerk pursuant to section 16 of the Act, which provides him with the right to access records in his criminal case. That section provides:

> "All records, dockets and books required by law to be kept by such clerks shall be deemed public records, and shall at all times be open to inspection without fee or reward, and all persons shall have free access for inspection and examination to such records, dockets and books and also to all papers on file in the different clerks' offices and shall have the right to take memoranda and abstracts thereto." 705 ILCS 105/16(6) (West 2016).

¶ 19   As the circuit court pointed out, Mr. Mohammad's argument is essentially that because section 16 of the Act gives "all persons" the right to view the files at the Clerk's office without charge and because Mr. Mohammad is incarcerated, the Clerk's office is required to accommodate him, either by preparing and sending him copies of the records he is requesting or by arranging to have him transported to the Clerk's office from prison so he can view these records in person.

¶ 20   It is true that section 16(6) of the Act provides that the Clerk must grant "all persons" free access to records. This court has held, however, that this section does not "place[ ] a duty on the clerk to provide reproduction services for court records." *Lee v. Pucinski*, 267 Ill. App. 3d 478, 493 (1994). Offering persons free access to records in the Clerk's office is not the same as offering reproduction services. In fact, as we noted in *Lee*, section 16 of the Act "do[es] not even mention reproduction services." *Id.* Mr. Mohammad stresses on appeal that he has not requested *free* copies of the records. But even if Mr. Mohammad had included the necessary fees for reproduction of the records (see, *e.g.*, 705 ILCS 105/27.2a(k), (m), (n) (West 2016)) with his request, the Act does not provide that the Clerk must deliver or send records to parties who request them, even where

payment is provided. The Act simply does not require the Clerk to take any of the actions Mr. Mohammad is looking for in terms of relief.

¶ 21    Mr. Mohammad said that he is requesting his records to prepare a petition for clemency. But, as the circuit court noted in its order, the Act does not carve out any exception for such petitions. Nor does Mr. Mohammad have this right under other statutory or constitutional provisions that we are aware of. Mr. Mohammad points to no other statutory or constitutional provision that would grant him the relief he is seeking. And the Clerk points out that as a criminal defendant who has not been sentenced to death, Mr. Mohammad has no right under the United States constitution to file a clemency petition and therefore cannot invoke the due process clause of the fourteenth amendment to challenge the procedures available to for doing so. *District Attorney's Office v. Osborne*, 557 U.S. 52, 67-68 (2009)). The Clerk also notes that the procedures set out in Illinois for petitioning for executive clemency do not require the Clerk to provide executive clemency petitioners with records in their criminal cases (see 730 ILCS 5/3-3-13 (West 2016)) and that the executive clemency statute in Illinois does not even require a petitioner to support a petition for clemency with documentation in order to file a petition (*id.* § 3-3-13(a)).

¶ 22    Finally, Mr. Mohammad agrees that the Act does not provide for certain relief he has requested—specifically, his request to be writted into court to allow him to inspect his records in person. He argues, however, that the court nonetheless "had jurisdiction" to grant such relief under the Habeas Corpus Act (735 ILCS 5/10-101, *et seq.* (West 2016)). Even if this was true, the fact remains that Mr. Mohammad filed his complaint under the Clerks of Courts Act. And as we have stated, the Clerks of Courts Act does not provide for the relief Mr. Mohammad has asked for.

¶ 23    Because the Act does not allow for the relief that Mr. Mohammad seeks, and we are not aware of any other statutory or constitutional provision that would grant him such relief, we agree

7

with the circuit court that Mr. Mohammad's complaint failed to state a claim on which relief could be granted. The circuit court properly dismissed the complaint under section 2-615 of the Code.

¶ 24                               VI. CONCLUSION

¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 26    Affirmed.