2020 IL App (1st) 191717-U
No. 1-19-1717

SECOND DIVISION
June 2, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE NEWPORT CONDOMINIUM ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff and Counterdefendant-Appellant, | ) ) | |
| v. | ) ) | No. 15 CH 17426 |
| BLACKHALL CORPORATION 401(K) PSP, JINCHAU WU a/k/a JINCHAI WU, and RALPH HODGES, | ) ) ) ) | The Honorable Neil H. Cohen, Judge Presiding. |
| Defendants, | ) ) | |
| (Blackhall Corporation 401(K) PSP, Defendant-Appellee, and Jinchau Wu a/k/a Jinchai Wu, Defendant and Counterplaintiff-Appellee). | ) ) ) ) | |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Coghlan in the judgment.

**ORDER**

¶ 1    *Held:*    Where summary judgment was granted in favor of only two defendants, the plaintiff's claim against the third defendant remained pending, and there was no finding entered pursuant to Supreme Court Rule 304(a), the appellate court lacked jurisdiction, and the appeal was dismissed.

¶ 2        Plaintiff, The Newport Condominium Association ("Newport Condo"), appeals from the trial court's grant of summary judgment in favor of defendants Blackhall Corporation 401(K) PSP ("Blackhall") and Jinchau Wu a/k/a Jinchai Wu, on Newport Condo's complaint seeking declaratory judgment and on Wu's counterclaim. For the reasons that follow, we conclude that we lack jurisdiction and, therefore, dismiss Newport Condo's appeal.

¶ 3                                          BACKGROUND

¶ 4        In February 2017, Newport Condo filed its first amended complaint against Blackhall, Wu, and defendant Ralph Hodges. In the first amended complaint, Newport Condo alleged that in October 2014, Blackhall was assigned the mortgage on a condominium unit located at 4800 S. Chicago Beach Drive, Unit 1303N, in Chicago. The unit was owned at the time by Shana Pearson. The following day, Pearson quit claimed her interest in the unit to Blackhall. Although not specifically alleged in the first amended complaint, it appears that Pearson owed unpaid assessments at the time she transferred her interest to Blackhall and that Newport Condo believed those unpaid assessments constituted a lien on the unit. In March 2015, Blackhall granted Wu a mortgage on the unit. In early 2017, Blackhall transferred its interest in the unit to Wu pursuant to a special warranty deed in lieu of foreclosure. Prior to transferring its interest to Wu, Blackhall entered into Articles of Agreement for Deed with Hodges, which Newport Condo alleged constituted a short-term lease in violation of its rules. Newport Condo also alleged that there existed a dispute between it, Blackhall, Wu, and Hodges regarding who was the owner of the unit and whether Wu's mortgage was valid. Count I of the first amended complaint sought a declaration that Blackhall and Wu had violated various rules and statutes by leasing the unit to Hodges in a short-term lease. Count II sought a declaration against all the defendants that the

mortgage held by Wu on the subject unit was not valid and that, even if it was, the lien Newport Condo held against the unit for unpaid assessments was superior to Wu's interest in the unit.

¶ 5    Wu filed an answer and counterclaim to the first amended complaint. His counterclaim sought a declaration that he held title to the unit, Newport Condo's lien for unpaid assessments had been extinguished, and he was entitled to possession of the unit. Blackhall and Hodges also filed an answer to the first amended complaint, but no counterclaims.

¶ 6    In December 2018 Newport Condo filed a motion for summary judgment on its complaint, while Blackhall and Wu filed a joint motion for summary judgment on both Newport Condo's complaint and Wu's counterclaim. In support of its motion for summary judgment, Newport Condo argued that defendants admitted leasing the unit for less than 12 months in violation of Newport Condo's rules and that Wu took title to the unit (via the deed in lieu of foreclosure) subject to Newport Condo's lien for unpaid assessments, which had not been satisfied. Blackhall and Wu argued that they had not leased the unit for a term less than 12 months and that Newport Condo's lien had been extinguished pursuant to section 9(g)(3) of the Condominium Property Act ("Act") (765 ILCS 605/9(g)(3) (West 2016)).

¶ 7    On February 27, 2019, after the cross-motions for summary judgment were fully briefed by the parties, the trial court entered an order granting Blackhall and Wu summary judgment on Newport Condo's complaint and Wu's counterclaim. In its written order, the trial court noted that Blackhall and Wu requested that summary judgment also be entered in favor of Hodges on count II of Newport Condo's first amended complaint. However, because Hodges had not filed a motion for summary judgment, the trial court declined to do so.

¶ 8    Newport Condo then filed a motion to reconsider. In an order setting the briefing schedule for the motion to reconsider, the trial court stated that Newport Condo was to advise the

trial court as to its intentions with respect to Hodges before the trial court rendered a decision on the motion to reconsider. After the parties completed briefing the motion to reconsider, on July 22, 2019, the trial court issued a decision denying it. That order did not state anything regarding Newport Condo's claim against Hodges, and the record on appeal does not contain any other order indicating any resolution of that claim. Newport Condo filed its notice of appeal on August 20, 2019.

¶ 9                                              ANALYSIS

¶ 10        On appeal, Newport Condo argues that the trial court erred in granting summary judgment in favor of Blackhall and Wu, because its lien for unpaid assessments was superior to Wu's interest in the unit and was not extinguished under section 9(g)(3) of the Act. Before we may consider the merits of any appeal, we must first ascertain whether we have jurisdiction. Although none of the parties to this appeal contest our jurisdiction, we have an independent duty to consider it. *In re Estate of York*, 2015 IL App (1st) 132830, ¶ 27. Here, we conclude that we do not have jurisdiction.

¶ 11        Rule 303(a)(1) provides that a party seeking to appeal from a final order must file its notice of appeal within 30 days of the entry of that final order or, if a timely posttrial motion is filed, within 30 days of the order resolving that posttrial motion. Supreme Court Rule 304(a) (eff. Mar. 8, 2016), however, governs situations where a party seeks to appeal from an order that does not resolve all claims against all parties. Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may
> be taken from a final judgment as to one or more but fewer than all of the parties or
> claims only if the trial court has made an express written finding that there is no just
> reason for delaying either enforcement or appeal or both. Such a finding may be made at

the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing a notice of appeal shall be as provided in Rule 303. In computing the time provided in Rule 303 for filing the notice of appeal, the entry of the required finding shall be treated as the date of the entry of final judgment. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

¶ 12    In this case, the trial court's order granting Blackhall and Wu summary judgment did not resolve all claims against all parties. According to the record before us, at the time Newport Condo filed its notice of appeal, Newport Condo's claim against Hodges remained unresolved. Although the trial court and parties were aware of the fact that the order on the cross-motions for summary judgment did not resolve Newport Condo's claim against Hodges, there is no written order in the record on appeal that disposes of that claim in any manner. Nor does the record include any reports of proceedings containing any discussion of the resolution of the claim against Hodges.

¶ 13    Because Newport Condo's claim against Hodges remained pending at the time Newport Condo filed its notice of appeal, Newport Condo could not appeal the trial court's grant of summary judgment absent an express written finding that there was "no just reason for delaying either enforcement or appeal or both," pursuant to Rule 304(a). See *Kim v. Alvey, Inc.*, 322 Ill. App. 3d 657, 665 (2001) (where third-party claim remained pending, a Rule 304(a) finding would be required). There is no such finding in any of the orders in the record on appeal. Accordingly, we lack jurisdiction over this appeal, and it must be dismissed. See *Palmolive*

*Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 545 (2011) (where required Rule 304(a) finding was not made, appellate court lacked jurisdiction and appeal was dismissed).

¶ 14 We note, however, that if Newport Condo still wishes to have the trial court's summary judgment decision reviewed, there is nothing preventing Newport Condo from requesting that the trial court enter a proper finding pursuant to Rule 304(a) and filing a timely notice of appeal following the entry of such a finding. See *John G. Phillips & Assoc. v. Brown*, 197 Ill. 2d 337, 344 (2001) ("[O]ne may request at any time that the trial court add Rule 304(a) language to the final order ***."). Likewise, once the remaining claim against Hodges (and any other claims that might have arisen in this case) is resolved, Newport Condo is free to file a timely notice of appeal. Should it be the case, however, that during the pendency of the current appeal, all pending claims were resolved and the time for filing a new notice of appeal expired, Supreme Court Rule 303(a)(2) permits Newport Condo to establish the effectiveness of the present notice of appeal. In that case, Newport Condo may file a petition for rehearing and to supplement the record, establishing our jurisdiction. *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1050 (2007).

¶ 15                                    CONCLUSION

¶ 16 For the foregoing reasons, this appeal is dismissed.

¶ 17 Appeal dismissed.