2024 IL App (1st) 232436-U

No. 1-23-2436

Order filed October 18, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| MICHELLE BROZELL n/k/a MICHELLE KENNEDY, | ) | Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | No. 07 D 9410 |
| v. | ) | |
| | ) | |
| EUGENE BROZELL, | ) | Honorable |
| | ) | Doretha R. Jackson, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appellant's *pro se* appeal is dismissed for lack of jurisdiction when he appeals from a nonfinal order.

¶ 2    Respondent Eugene Brozell filed a *pro se* notice of appeal in this post-decree dissolution of marriage proceeding. On appeal, Eugene challenges an order finding him $73,000 in arrears for unpaid child support for "extracurricular activities" and requests a refund of $26,000, plus interest.

Eugene further requests the vacatur of any contempt orders arising from the failure to pay for extracurricular activities, that Michelle and her attorney be held in criminal contempt, and an equal division of the marital assets. We dismiss for lack of jurisdiction.

¶ 3    We detailed the procedural history between these parties in our prior order (see *Brozell v. Brozell*, 2024 IL App (1st) 230295-U) (dismissing Eugene's 2023 *pro se* appeal from two 2022 plenary orders of protection as his only argument on appeal related to the 2009 judgment for dissolution of marriage)), and relate only those facts relevant to the issue on appeal.

¶ 4    I. BACKGROUND

¶ 5    Eugene and Michelle married on September 9, 2000, and had two children. On August 10, 2009, the trial court entered a judgment for dissolution of marriage which, relevant here, ordered Eugene to pay $1420 per month or 28% of his net monthly income, whichever was greater, as child support. Moreover, Eugene and Michelle would each be responsible for one-half of reasonable expenses for the children including those related to "extracurricular activities." The court also entered a plenary order of protection against Eugene, which would expire in 2011.

¶ 6    On August 8, 2012, the trial court found Eugene in indirect civil contempt for failure to pay 50% of the children's medical and "reasonable major expenses." In December 2012, the court modified the order for support. On May 31, 2019, the trial court again found Eugene in indirect contempt of court for failure to pay child support and contribute to the children's expenses. The court awarded Michelle a judgment of $43,385.34.

¶ 7    On June 6, 2019, the trial court suspended Eugene's parenting time and ordered Eugene to have no contact with the children until further order of court.

¶ 8    On July 31, 2019, the trial court found that Eugene failed to pay toward the May 31, 2019, judgment.

¶ 9    On March 2, 2022, Eugene filed a *pro se* motion to "stop" child support because, in pertinent part, he had not seen the children for two years.

¶ 10    On March 30, 2022, the trial court entered an order requiring, *inter alia*, that Michelle and Eugene exchange financial affidavits and supporting documents and that Eugene provide Michelle's attorney with a weekly job diary detailing his efforts to obtain fulltime employment.

¶ 11    On April 26, 2023, the trial court found Eugene in indirect civil contempt for failure to comply with the court's July 31, 2019, order directing him to pay monthly child support and arrears, and March 30, 2022, order directing him to provide a financial affidavit and job diary.

¶ 12    On June 12, 2023, the trial court entered an order *nunc pro tunc* to June 5, 2023, finding Eugene in indirect civil contempt for failure to pay child support.

¶ 13    On November 30, 2023, the trial court held a status hearing to determine "payment toward outstanding child support." The court found that Eugene paid his monthly child support amount for the "past several months" and that as of November 29, 2023, Eugene owed $73,201.37 in outstanding child support consisting of $52,989.07 in principal and $20,303.30 in interest. The order further stated that (1) a June 12, 2023, body attachment was stayed; (2) Eugene's failure to appear at the next court date might result in adverse action against him; and (3) the cause was continued. Eugene filed a *pro se* notice of appeal from the trial court's November 30, 2023, order.

¶ 14    On July 24, 2024, on this court's own motion, we ordered the case be taken on Eugene's brief and the record on appeal only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 15    II. ANALYSIS

¶ 16    On appeal, Eugene challenges the $73,000 child support arrearage for "extracurricular activities" and requests a refund of $26,000, plus interest. He argues that he was unemployed for a year, which should have been considered when calculating child support, that the arrearage is the "shared responsibility" of both parents, and that Michelle, who is employed, is able to pay her "share." Eugene further requests the vacatur of any contempt orders arising out of the failure to pay for extracurricular activities, that Michelle and her attorney be held in criminal contempt, and an equal division of the marital assets.

¶ 17    Initially, our review of Eugene's appeal is hindered by his failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Eugene's four-page brief lacks cohesive legal arguments, reasoned bases for those arguments, and citations to the record in violation of Rule 341(h)(7). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Moreover, Eugene has attached numerous documents to his brief which are not included in the record on appeal, and therefore, cannot be considered by this court. See *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009) (the reviewing court cannot consider materials not included in the record on appeal). Accordingly, to the extent that Eugene's brief fails to comply with Rule 341(h)(7), his arguments are forfeited.

¶ 18    Considering the content of Eugene's brief, it would be within our discretion to dismiss this appeal on that basis alone. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). However, even were this court to attempt to overlook those deficiencies, this appeal must be dismissed for lack of jurisdiction.

¶ 19    It is Eugene's burden, as the appellant, to demonstrate this court's jurisdiction. See *U.S. Bank National Ass'n v. In Retail Fund Algonquin Commons*, *LLC*, 2013 IL App (2d) 130213, ¶ 24 ("[a]s the appellants, defendants have the burden to establish our jurisdiction" (citing Ill. S. Ct. R. 341(h)(4) (eff. July 1, 2008))). Eugene makes no argument in support of this court's jurisdiction to hear this appeal. Notwithstanding, this court has an independent duty to consider its jurisdiction. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 20    This court has no jurisdiction to review nonfinal judgments or orders without a supreme court rule that gives us that authority. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9; see also Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) ("Every final judgment of a circuit court in a civil case is appealable as of right"). A judgment or order is " 'final' " when "it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). Thus, a final order terminates the litigation between the parties on the merits such that, if affirmed, the trial court need only execute the judgment. *Kellerman v. Crowe*, 119 Ill. 2d 111, 115 (1987).

¶ 21    "If an order does not resolve every right, liability or matter raised, it must contain an express finding that there is no just reason for delaying an appeal." *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990). Otherwise, it is not appealable. *Id.*; see also *People v. Shinaul*, 2017 IL 120162, ¶ 10 ("an order which leaves the cause still pending and undecided is not a final order for purposes of appeal").

¶ 22    Here, Eugene's notice of appeal identified the trial court's November 30, 2023, order as the subject of the appeal. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008) ("notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts thereof specified in the

notice of appeal"). In that order, the court found that Eugene had paid his monthly child support payments for several months, stayed a June 12, 2023, body attachment, noting that Eugene's failure to appear at the next court date may result in adverse action against him, and continued the case. The order also found that, as of November 29, 2023, Eugene's total child support arrearage was $73,201.37. Given that the trial court's order continued the case, while also noting the continued existence of the child support arrearage and the possibility of adverse action against Eugene if he did not appear at the next court date, the issue of Eugene's payment of monthly and past due child support is still pending before the trial court. Therefore, the trial court's order was not final and appealable. See *Marsh*, 138 Ill. 2d at 465.

¶ 23    We also note that Eugene's brief challenges orders in addition to the one identified in his *pro se* notice of appeal. While Eugene challenges the validity of the total arrearage detailed in the November 2023 order, his arguments on appeal revolve around his assertions that any arrearage should be paid by both parents, and on prior contempt findings for failure to pay child support. Eugene also alleges that Michelle and her attorney committed misconduct during discovery in the dissolution proceeding by lying about Michelle's assets and should be held in contempt. He further argues that marital assets be divided equally, and that Michelle's father should not have been granted visitation. Thus, in substance, Eugene challenges orders entered throughout this dissolution proceeding, including the 2009 judgment for dissolution of marriage and contempt findings entered between 2012 and 2023, rather than the trial court's November 30, 2023, order identified in his notice of appeal. A reviewing court lacks jurisdiction to consider issues not specified in a notice of appeal. See *In re Estate of York*, 2015 IL App (1st) 132830, ¶ 34 (a reviewing court lacks jurisdiction to consider issues not specified in a notice of appeal).

¶ 24    Based on the preceding, we have no jurisdiction over the nonfinal order identified in Eugene's *pro se* notice of appeal and the other orders that he challenges in his brief. See *Marsh*, 138 Ill. 2d at 465; *In re Estate of York*, 2015 IL App (1st) 132830, ¶ 34. Therefore, this appeal must be dismissed. See *In re Marriage of Sanchez & Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 20 ("An appeal must be dismissed where [appellate] jurisdiction is lacking.").

¶ 25    III. CONCLUSION

¶ 26    For the reasons stated above, we dismiss this appeal for lack of jurisdiction.

¶ 27    Appeal dismissed.